UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BRIAN HALE,

                   Plaintiff,

       v.

VANGUARD,

                   Defendant.

Case No. 3:21-cv-01236-YY

FINDINGS AND
RECOMMENDATIONS

## FINDINGS

*Pro se* plaintiff Brian Hale has filed a Complaint (ECF 1) as well as an Application to Proceed *In Forma Pauperis* ("IFP") (ECF 8).  On September 1, 2021, the court granted plaintiff's IFP application and ordered plaintiff to show cause in writing why the case should not be dismissed for failure to state a claim.  Plaintiff has filed a Response to the Order to Show Cause (ECF 10), but has failed to show how he can cure the defects in his Complaint.  Therefore, this case should be dismissed without prejudice.

The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "A pleading that states a claim for relief must contain . . . a short and plain

statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." FED. R. CIV. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Moreover, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (recognizing that the court may *sua sponte* dismiss an action if it finds that subject matter jurisdiction is lacking).

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

In the Complaint, plaintiff alleges a violation of the Fourteenth Amendment, described as follows:

> My individual account, Brokerage account- 12649199, settlement fund, VMFXX federal money market fund, was closed on 12/22/2020. I was not returned any of my monies or initial investment. I sent a certified letter with return receipt and lawsuits followed. I opted for cash return, my primary investment objective.was capital preservation, secondary investment objective was growth, and I have not seen any monies at all because of fraud and discrimination. During this pandemic I have seen many articles and advertisements from Vanguard and I have been discombobulated as to being completely ignored. I haye burden of proof.

Compl. 5, ECF 1.  Plaintiff states he "would like $100 million dollars in a certified check sent to me certified mail with a return receipt." *Id.*

In the Order to Show Cause, the court advised plaintiff how his complaint failed to state a claim, i.e., that the Fourteenth Amendment applies only to state action and not to private individuals or entities.  *See Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) ("[The Fourteenth Amendment] shields citizens from unlawful governmental actions but does not affect conduct by private entities.").  The court explained that because Vanguard is a private entity and not a state actor, plaintiff failed to allege a cognizable Fourteenth Amendment claim.

In his Response to the Order to Show Cause, plaintiff alleges that "Vanguard is a bank." ECF 10.  He also asserts that Vanguard is "controlled by the FDIC," which was created by Congress, and claims that because Congress is a part of the government, this court has jurisdiction over a Fourteenth Amendment claim against defendant.  *Id.*

The Federal Deposit Insurance Corporation (FDIC) was established to "insure . . . the deposits of all banks and savings associations which are entitled to the benefits of insurance[.]" 28 U.S.C. § 1811(a).  Plaintiff fails to explain how his Vanguard *brokerage* accounts were bank deposits "controlled by the FDIC."  *Compare* FDIC *with* Securities Investor Protection Corporation Act (SIPC), 15 U.S.C. § 78ccc.  Nevertheless, simply because a private entity is

subject to federal law does not make it a "state actor" or establish it was engaged in conduct under the color of state law.  *See Jackson v. Metro. Edison Co.,* 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.").  Thus, plaintiff has failed to state a plausible claim for relief and has failed to establish he has a claim that invokes this court's jurisdiction.

## RECOMMENDATION

This case should be dismissed without prejudice and judgment to that effect should be entered.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Monday, October 26, 2021.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED October 4, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge